No. 13-10037

# In the United States Court of Appeals
# for the Fifth Circuit

_____

STEPHANIE ODLE,

*Plaintiff-Appellant,*

v.

WAL-MART STORES, INC.,

*Defendant-Appellee.*

_____

On Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
No. 3:11-CV-2954-O

_____

**BRIEF FOR WAL-MART STORES, INC.
AS APPELLEE**

_____

Theodore J. Boutrous, Jr.
  *Counsel of Record*
Catherine A. Conway
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone:  (213) 229-7000
Facsimile:  (213) 229-7520

Mark A. Perry
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539

Karl G. Nelson
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201-6912
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2934

COUNSEL FOR DEFENDANT-APPELLEE

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons or entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.  These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| Plaintiff-Appellant | Counsel for Appellant |
|---|---|
| Stephanie Odle | Stephen Tinkler, Tinkler Law Firm<br><br>Merit Bennett, Bennett Law Firm<br><br>Joseph Sellers, Cohen Milstein Sellers & Toll PLLC<br><br>Jocelyn D. Larkin, The Impact Fund<br><br>Hal K. Gillespie, Yona Rozen, and Joseph H. Gillespie, Gillespie, Rozen & Watsky, PC |
| **Defendant-Appellee** | **Counsel for Appellee** |
| Wal-Mart Stores, Inc. | Theodore J. Boutrous, Jr., Karl G. Nelson, Mark A. Perry, and Catherine A. Conway, Gibson, Dunn & Crutcher LLP |

Respectfully submitted,


  /s/ Theodore J. Boutrous, Jr.
Theodore J. Boutrous, Jr.
*Counsel of Record for Appellee*

## **TABLE OF CONTENTS** <span style="float:right">__Page__</span>

INTRODUCTION ................................................................................... 1

STATEMENT OF THE ISSUE ............................................................... 2

STATEMENT OF THE CASE ................................................................ 3

STATEMENT OF FACTS ...................................................................... 9

SUMMARY OF ARGUMENT .............................................................. 10

ARGUMENT ......................................................................................... 12

    I.      Ms. Odle's Claim Is Time-Barred Under Title VII ........................... 14

    II.    Ms. Odle's Claim Is Time-Barred Under Historical Practice ............ 16

    III.   Ms. Odle's Claim Is Time-Barred Under Principles Of Equity ......................................................................................... 24

CONCLUSION ..................................................................................... 33

# TABLE OF AUTHORITIES

Page

## CASES

*Am. Express Co. v. Italian Colors Rest.*,
  No. 12-133 (U.S. June 20, 2013) ..........................................................32

*American Pipe & Constr. Co. v. Utah,*
  414 U.S. 538 (1974).................................................................... *passim*

*Amy v. Watertown (No. 2)*,
  130 U.S. 320 (1889).................................................................. 12, 13

*Armstrong v. Martin Marietta Corp.*,
  138 F.3d 1374 (11th Cir. 1998) ................................................ 19, 26

*Baldwin v. Barre*,
  299 F. App'x 444 (5th Cir. 2008) ............................................. 10, 15

*Brown v. Lippard*,
  350 Fed. Appx. 879 (5th Cir. 2009)...............................................9

*Buck v. Thomas M. Cooley Law School*,
  597 F.3d 812 (6th Cir. 2010) ........................................................9

*Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
  No. 2:11–ML–02265–MRP (MANx), 2012 WL 1097244
  (C.D. Cal. Mar. 9, 2012) ...............................................................19

*Crown Cork & Seal Co. v. Parker*,
  462 U.S. 345 (1983).................................................................... *passim*

*Del. State Coll. v. Ricks*,
  449 U.S. 250 (1980)......................................................................14

*Dukes v. Wal-Mart Stores, Inc.*,
  222 F.R.D. 137 (N.D. Cal. 2004)................................................. 4, 29

*Dukes v. Wal-Mart Stores, Inc.*,
  509 F.3d 1168 (9th Cir. 2007) ................................................... 4, 23

*Dukes v. Wal-Mart Stores, Inc.*,
  603 F.3d 571 (9th Cir. 2010) ............................................ 1, 5, 23, 29

# TABLE OF AUTHORITIES (*continued*)

Page

*Dukes v. Wal-Mart Stores, Inc.*,
  No. C 01-2252 MJJ, 2001 U.S. Dist. LEXIS 26411
  (N.D. Cal. Dec. 3, 2001) ........................................................................ 3, 27, 29

*Gabelli v. SEC*,
  133 S. Ct. 1216 (2013) .................................................................... *passim*

*Johnson v. Ry. Express Agency, Inc.*,
  421 U.S. 454 (1975) ........................................................................ 12, 25

*Ledbetter v. Goodyear Tire & Rubber Co.*,
  550 U.S. 618 (2007) ...........................................................................14

*Mohasco Corp. v. Silver*,
  447 U.S. 807 (1980) ...........................................................................14

*Nat'l R.R. Passenger Corp. v. Morgan*,
  536 U.S. 101 (2002) ...........................................................................26

*Odle v. Wal-Mart Stores, Inc.*,
  No. 13-90002 (5th Cir. Mar. 19, 2013) ...................................................8

*Order of R.R. Telegraphers v. Ry. Express Agency, Inc.*,
  321 U.S. 342 (1944) ...........................................................................15

*Rotella v. Wood*,
  528 U.S. 549 (2000) ...........................................................................15

*Ruehl v. Viacom, Inc.*,
  500 F.3d 375 (3d Cir. 2007) .................................................................18

*Salazar-Calderon v. Presidio Valley Farmers Ass'n*,
  765 F.2d 1334 (5th Cir. 1985) ........................................................ 7, 21

*Salazar-Calderon v. Presidio Valley Farmers Ass'n*,
  863 F.2d 384 (5th Cir. 1989) ...................................................... *passim*

*Smith v. Bayer Corp.*,
  131 S. Ct. 2368 (2011) .................................................................. 17, 30

## TABLE OF AUTHORITIES (*continued*)

<u>Page</u>

*Stone Container Corp. v. United States*,
    229 F.3d 1345 (Fed. Cir. 2000) .......................................................18

*Taylor v. Books A Million, Inc.*,
    296 F.3d 376 (5th Cir. 2002) ............................................................15

*Taylor v. United Parcel Services, Inc.*,
    554 F.3d 510 (5th Cir. 2008) ..................................................... *passim*

*United Air Lines, Inc. v. Evans*,
    431 U.S. 553 (1977).........................................................................25

*United Airlines v. McDonald*,
    432 U.S. 385 (1977).........................................................................22

*Upton v. Tribilcock*,
    91 U.S. 45 (1875).............................................................................24

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011)........................................................... 5, 6, 18

*Zipes v. Trans World Airlines, Inc.*,
    455 U.S. 385 (1982).......................................................... 2, 10, 14

## STATUTES

29 U.S.C. § 1292(b) ..............................................................................8

42 U.S.C. § 2000e-5(e)(1)................................................................ 1, 14

42 U.S.C. § 2000e-5(f)(1) ........................................................... *passim*

Lilly Ledbetter Fair Pay Act of 2009,
    Pub. L. No. 111-2, § 3, 123 Stat. 5 .................................................14

## RULES

Fed. R. Civ. P. 23(b)(2)............................................................ 4, 28, 29

Fed. R. Civ. P. 23(b)(3)....................................................... 5, 27, 28, 29

Fed. R. Civ. P. 23(c)(1)(C) ...............................................................29

## TABLE OF AUTHORITIES (*continued*)

<u>Page</u>

Fed. R. Civ. P. 23(f) ................................................................................31

Fed. R. Civ. P. 54(b) ................................................................................9

## OTHER AUTHORITIES

Oliver Wendell Holmes, *The Path of the Law*, 10 Harv. L. Rev. 457
   (1897). ................................................................................38

## INTRODUCTION

This case involves the straightforward application of well-established limitations principles to the Title VII claims brought by a single plaintiff, Stephanie Odle.  Ms. Odle received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") on May 31, 2001.  Under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), Ms. Odle's time to file suit was tolled while she was a putative class member in *Dukes v. Wal-Mart Stores, Inc.*, No. 3:01-cv-02252 (N.D. Cal.).  Although Ms. Odle was included in the class originally certified by the district court in that case (*see* 222 F.R.D. 137, 187–88 (N.D. Cal. 2004)), the Ninth Circuit ruled that the class could not include women, Ms. Odle among them, whose employment ended before the initial class complaint was filed. 603 F.3d 571, 623 (9th Cir. 2010) (en banc).  That decision became final when the Ninth Circuit issued its mandate on October 20, 2010, and from then on, no tolling doctrine suspended Ms. Odle's obligation to protect her own rights.  She was therefore required to initiate (or intervene in) district court litigation within, at most, 90 days.  *Crown, Cork, & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983).

The last possible day for Ms. Odle to file suit was January 18, 2011—90 days after the Ninth Circuit's adverse determination regarding her involvement in the class became final.  42 U.S.C. § 2000e-5(e)(1), (f)(1).  She filed this lawsuit on October 28, 2011, or more than 280 days too late.  *See Zipes v. Trans World Air-*

1

*lines, Inc.*, 455 U.S. 385, 394 (1982) ("Congress intended [the Title VII] filing period to operate as a statute of limitations."). Accordingly, the district court dismissed her claims as untimely. Odle ER 32, R. 1169. That decision should be affirmed.

The decision below is consistent with, indeed compelled by, this Court's precedents. *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 519 (5th Cir. 2008); *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 863 F.2d 384, 390 (5th Cir. 1989) (per curiam) ("*Calderon II*"). To reverse the decision below, as Ms. Odle requests, this Court would have to overrule those decisions, contravene the Supreme Court's rulings in *American Pipe* and *Crown Cork*, and disregard the text and structure of Title VII. There is no basis, or warrant, for such a radical departure from well-established timeliness doctrines. *Cf. Gabelli v. SEC*, 133 S. Ct. 1216, 1224 (2013) (declining to extend a statute of limitations beyond the time provided by the statute because "'otherwise the court would make the law instead of administering it.'") (citation omitted).

## STATEMENT OF THE ISSUE

A Title VII plaintiff must initiate or intervene in a lawsuit within 90 days after receiving an EEOC right-to-sue letter. That period is tolled during the initial pendency of a putative class action, including while a class is certified, but ends when that class is decertified. The tolling period applicable to Ms. Odle's claims

2

ended on October 20, 2010, when the Ninth Circuit ruling excluding her from the *Dukes* class became final, but she did not file suit until more than a year later, on October 28, 2011.  The question presented is whether the district court properly dismissed her individual claims as barred by Title VII's statute of limitations.

## STATEMENT OF THE CASE

On October 22, 1999, Stephanie Odle filed a charge with the EEOC alleging that she had been discriminated against in promotions and termination by her managers at two Sam's Club stores in Texas and Oklahoma.  WM ER 1-7, R. 39-44.  On May 31, 2001, she received a right to sue letter from the EEOC (WM ER 8-10, R. 51-52), and she then had 90 days to either initiate her own lawsuit or intervene in pending litigation to preserve her claims.  42 U.S.C. § 2000e-5(f)(1).

On June 19, 2001, Ms. Odle joined a putative class action lawsuit originally filed as a single-plaintiff action by Betty Dukes in the Northern District of California, which alleged that Wal-Mart Stores, Inc. had discriminated in pay and promotions against women at its Wal-Mart and Sam's Club retail stores nationwide.  Odle ER 67.   In December 2001, the California district court dismissed Ms. Odle from the California action for failure to meet Title VII's specific venue requirements.  *Dukes v. Wal-Mart Stores, Inc.*, No. C 01-2252 MJJ, 2001 U.S. Dist. LEXIS 26411, at *30 (N.D. Cal. Dec. 3, 2001) ("the Court elects to dismiss the improperly venued plaintiffs, allowing the case and the California plaintiffs to remain if

3

they so choose"). From this point, she remained in the *Dukes* case only as a putative member of the proposed class.

In 2004, the California district court certified a far-reaching nationwide class under Rule 23(b)(2) comprising "[a]ll women employed at any Wal-Mart domestic retail store at any time since December 26, 1998, who have been or may be subjected to Wal-Mart's challenged pay and management track promotions policies and practices." *Dukes v. Wal-Mart Stores, Inc.*, 222 F.R.D. 137, 188 (N.D. Cal. 2004). As originally certified, the class included Ms. Odle.

In 2007, a Ninth Circuit panel partially affirmed the class certification order, but ruled that the certified class could not include "those putative class members who were no longer Wal-Mart employees at the time Plaintiffs' complaint was filed [on June 8, 2001]" because those individuals "d[id] not have standing to pursue injunctive or declaratory relief." *Dukes v. Wal-Mart Stores, Inc.*, 509 F.3d 1168, 1189 (9th Cir. 2007). The *Dukes* plaintiffs petitioned for rehearing from that aspect of the panel decision, arguing:

> It is particularly critical that the panel correct this error because the Opinion suggests that putative class members not employed on the date the complaint was filed should be *excluded* from the certified class. There is no valid basis to exclude these thousands of women – including the original charging party [*i.e.* Ms. Odle] – who have timely claims for the same discriminatory conduct that the balance of the class also challenges. Excluding these class members would undermine the purposes of both Title VII of the Civil Rights Act of 1964, 43 U.S.C. §§ 2000e, *et seq.* and Federal Rule of Civil Procedure 23.

4

App. A, Pls. Pet. for Panel Reh'g, *Dukes v. Wal-Mart Stores, Inc.*, Nos. 04-16677 & 04-16720 (9th Cir. Jan. 8, 2008), Dkt. 99 at 2.

The Ninth Circuit granted rehearing and, sitting en banc, affirmed the panel's ruling excluding Ms. Odle from the then-certified class:

> Although women who were not employed by Wal-Mart as of June 8, 2001, the date on which the complaint was filed, do not have standing to seek injunctive or declaratory relief, they may be eligible to receive back pay and punitive damages. The district court may, in its discretion, certify a separate Rule 23(b)(3) class of former employees for back pay and punitive damages.

*Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 623 (9th Cir. 2010) (en banc).

Wal-Mart petitioned for a writ of certiorari to review the en banc judgment partially affirming certification, but no party sought a stay of the Ninth Circuit's mandate. Accordingly, on October 20, 2010, the ruling excluding Ms. Odle from the class became final when the Ninth Circuit's mandate issued. WM ER 11-13, R. 265–66. Neither Ms. Odle nor the *Dukes* plaintiffs filed a cross-petition for a writ of certiorari seeking further review of the Ninth Circuit's ruling in this respect. Nor did Ms. Odle or the *Dukes* plaintiffs ask the California district court to certify a separate Rule 23(b)(3) class of former employees within 90 days after the Ninth Circuit's mandate issued. And Ms. Odle did not, within 90 days, file her own lawsuit or intervene in another pending lawsuit.

On June 20, 2011, the Supreme Court decertified the remainder of the nationwide *Dukes* class. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011).

The Court specifically noted the previous exclusion of Ms. Odle and other former employees from the putative class.  *Id.* at 2547 n.1, 2550 n.4.

Following decertification by the Supreme Court, the named plaintiffs in *Dukes* asked the California district court to extend the time for former members of the class decertified by the Supreme Court (a group of individuals that did not include Ms. Odle) to file EEOC charges or lawsuits.  In requesting this extension, the *Dukes* plaintiffs acknowledged that "[t]ypically, the statute of limitations will resume once the decertification decision becomes final, upon the issuance of the mandate to the lower court."  App. B, Pls.' Mot. to Extend Tolling of the Statute of Limitations, *Dukes v. Wal-Mart Stores, Inc.*, No. C 01-2252-CRB (N.D. Cal. June 24, 2011), Dkt. 740 at 8.  The California court granted plaintiffs' request on August 19, 2011, allowing a "limited period of additional tolling" to individuals who had been absent members of the certified class rejected by the Supreme Court. WM ER 14-16, R. 473-74.

On October 27, 2011, the *Dukes* plaintiffs filed a Fourth Amended Complaint seeking to assert claims on behalf of all women employed by Wal-Mart in the so-called "California Regions."  App. C, Fourth Amended Complaint, *Dukes v. Wal-Mart Stores, Inc.*, No. C-01-2252-CRB (N.D. Cal. Oct. 27, 2011), Dkt. 767. That group did not include Ms. Odle.

Ms. Odle, along with several other individuals, filed this case in the Northern District of Texas on October 28, 2011—more than a year after the Ninth Circuit's ruling excluding Ms. Odle from the *Dukes* class became final.  The Texas complaint asserts, ostensibly on behalf of a substantial subset of the former nationwide *Dukes* class, Title VII claims that are substantively identical to those rejected by the Supreme Court.  Wal-Mart moved to dismiss the Texas complaint on the grounds, among others, that both Ms. Odle's individual claim and the claims of absent persons who had not filed EEOC charges were barred by Title VII's timely filing requirements.  WM ER 17-51, R. 172-205.  The district court agreed and granted Wal-Mart's motion.  Odle ER 30, R. 200.

With respect to the proposed class claims, the district court recognized that Title VII does not permit the "stacking" of successive class actions for tolling purposes.  *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1351 (5th Cir. 1985) ("*Calderon I*"); Odle ER 21, R. 1158.  Although the claims of absent class members are tolled during the *initial* pendency of a proposed class action (*American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 553 (1974)), that tolling ends when the class is decertified or rejected.  Odle ER 21-22, R. 1158-59 (citing *Crown, Cork, & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983); *Calderon I,* 765 F.2d at 1351).  After that date, former class members were required to either initiate their own lawsuits or to intervene in other pending litigation.  Odle ER 21, R.

1158. The district court applied these settled principles to dismiss the class claims, and this Court denied plaintiffs' petition for permission to appeal under 29 U.S.C. § 1292(b). *Odle v. Wal-Mart Stores, Inc.*, No. 13-90002 (5th Cir. Mar. 19, 2013). Thus, the putative class claims are not at issue in this appeal.

The district court also dismissed Ms. Odle's individual claims as untimely. The court recognized that under *Crown Cork,* 462 U.S. 345, and *Taylor v. United Parcel Service, Inc.*, 554 F.3d 510 (5th Cir. 2008), class-action tolling ceases when class certification is denied and an individual is "no longer a part of that class action lawsuit." Odle ER 31, R. 1168. Ms. Odle, the court explained, was no longer a member of the *Dukes* class action as of October 20, 2010 when the Ninth Circuit's mandate issued, and tolling of her claims ended:

> [I]t was clear that Odle and other former employees were no longer a part of th[e] [*Dukes*] class action lawsuit. At that time, the putative class members had "no reason to assume that their rights were being protected" because there was no longer any class of former employees on which they could rely. *See Taylor*, 554 F.3d at 520. The Supreme Court's opinion clarified that the class before it did not include Odle or any other former employees. *See Dukes*, 131 S. Ct. at 2547 n.1, 2550 n.4. The class of former employees neither moved to stay the mandate, nor appealed this issue to the Supreme Court. Thus, once the Mandate issued, it constituted a "final adverse determination" as to Odle's claims and tolling ceased. *See Taylor*, 554 F.3d at 520.

*Id.* at 31–32. At that point, Ms. Odle "was required to file a new lawsuit in order to protect her claims, and her failure to do so within the statute of limitations now bars her claims." *Id.* at 32.

The district court entered a final judgment against Ms. Odle pursuant to Rule 54(b) (Odle ER 37, R. 1321), and Ms. Odle filed a timely notice of appeal on January 10, 2013.

## STATEMENT OF FACTS

While the Court may accept as true the well-pleaded allegations in the complaint filed by Ms. Odle and others in the court below (*see* WM ER 52-78, R. 13-38), the only facts pertinent to the dismissal of Ms. Odle's individual claims as time-barred are the procedural histories of this litigation and the *Dukes* case set forth above. These facts are undisputed and, in any event, may be verified by reference to the dockets of the respective courts. *See Brown v. Lippard*, 350 F. App'x 879, 883 n.2 (5th Cir. 2009) (per curiam) (taking judicial notice of docket entry outside the record of appeal); *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("a court may take judicial notice of other court proceedings").[1]

---

[1] Filings from the *Dukes* litigation are attached as appendices to Wal-Mart's motion for judicial notice filed concurrently herewith. References to the appendices are identified by the designation "App." Appellant has similarly asked this Court to take judicial notice of documents from the *Dukes* docket. Br. 5 n.3.

## SUMMARY OF ARGUMENT

A claimant seeking to be relieved of a statutory limitations period bears the burden of showing that the statutory text, historical practice, or an extension of the principles of equity permit the otherwise time-barred claim to proceed. *Gabelli v. SEC*, 133 S. Ct. 1216, 1224 (2013). Because Ms. Odle failed to carry that burden, the district court properly dismissed her claim as untimely.

I. Title VII's limitations period is strictly construed and requires a claimant to file suit in federal court within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982) ("Congress intended [this Title VII] filing period to operate as a statute of limitations"); *Baldwin v. Barre*, 299 F. App'x 444, 445 (5th Cir. 2008) (per curiam) (Title VII's limitation period must be "strictly construed"). Ms. Odle concedes that she received her right-to-sue letter on May 31, 2001 and that she did not file this suit until over a decade later.

II. Ms. Odle's only argument that she should be allowed to maintain her admittedly untimely claims relies on the class-action tolling doctrine established in *American Pipe*. That doctrine tolls the claims of unnamed members of an initial pending or certified class. It begins when a complaint is filed (*American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974)) and ends when certification is denied (*Crown, Cork, & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983)). This Court

10

has addressed the end point of *American Pipe* tolling and has twice clarified that it ends when a court rules that an individual is no longer a member of a certified class "without regard to any appeal from that decision" and without regard to reconsideration of that decision on remand. *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 519 (5th Cir. 2008) (citing *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 863 F.2d 384, 390 (5th Cir. 1989) (per curiam)). Under this well-established Circuit precedent, Ms. Odle was entitled to benefit from *American Pipe* tolling only while she was a putative member of the *Dukes* class. But as she concedes, she was ejected from that class by the Ninth Circuit's mandate on October 20, 2010. WM ER 11-13, R. 265–66; Br. 16. As of that date, when a final adverse determination was made on her previous involvement in the *Dukes* class, she was no longer a member of any certified or pending class action, and she had 90-days to file her individual claims. *Taylor*, 554 F.3d at 519 (Title VII suit must be "filed within 90 days of [a] denial," or reversal, of class certification). She failed to do so, and her claims expired. This suit, brought more than 280 days after tolling ended, is untimely.

This result is consistent with the purposes of the *American Pipe* doctrine. *American Pipe* tolling strikes a careful balance between the competing policy goals of efficiency and repose. 414 U.S. at 555. Extending the doctrine beyond its intended scope disturbs the repose Wal-Mart finally should be afforded after more

than a decade of litigation (*see Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 468 n.14 (1975)), and contravenes the Supreme Court's recent guidance that the cases in which statutes of limitation may be extended are "'very limited in character and are to be admitted with great caution'" (*Gabelli*, 133 S. Ct. at 1224 (quoting *Amy v. Watertown (No. 2)*, 130 U.S. 320, 324 (1889))).

III.  Dismissal is not unfair or inequitable to Ms. Odle.  She benefitted from *American Pipe* tolling for nearly 10 years as a member of the pending (and then certified) *Dukes* class.  Although the *Dukes* plaintiffs challenged her exclusion from the class by the Ninth Circuit panel, they did not renew that challenge following the Ninth Circuit's en banc decision, instead leaving her behind and staking their case before the Supreme Court on a class that did not include her.  After the portion of the *Dukes* class including Ms. Odle was decertified, she simply "had no reason to assume that [her] rights were being protected" by the *Dukes* plaintiffs (*Taylor*, 544 F.2d at 520) and, if she wanted to preserve her claims, she was required to act diligently to protect her interests.  Her inexcusable, and inexplicable, failure to do so precludes her from invoking equitable principles to seek any further tolling here.  *Vigilantibus non dormientibus aequitas subvenit.*

## ARGUMENT

The district court correctly dismissed Ms. Odle's individual claims as barred by Title VII's statute of limitations.

The last possible day for Ms. Odle to file suit was January 18, 2011, which was the 90th day after the Ninth Circuit's mandate issued on the ruling excluding her from the *Dukes* class—a final adverse determination with respect to her participation in that then-certified class.  From then on she knew that her rights were not being protected by the *Dukes* plaintiffs and it was her obligation to act within 90 days.  This lawsuit was filed on October 28, 2011, more than 280 days after the statutory deadline had passed.  It is therefore untimely.

Ms. Odle's request to be relieved of the consequence of her own inaction cannot be reconciled with the limitations provisions of Title VII, as construed by the Supreme Court and this Court.

The Supreme Court recently reiterated that a claimant seeking to be relieved of a statutory limitations period bears the burden of showing that the statutory text, historical practice, or principles of equity permit the otherwise time-barred claim to proceed.  *Gabelli v. SEC*, 133 S. Ct. 1216, 1224 (2013).  At the same time, the Court cautioned that "the cases in which 'a statute of limitation may be suspended by causes not mentioned in the statute itself . . . are very limited in character, and are to be admitted with great caution; otherwise the court would make the law instead of administering it.'"  *Id.* (quoting *Amy v. Watertown (No. 2)*, 130 U.S. 320, 324 (1889)).  Ms. Odle has not made the requisite showing in this case.

## I.     Ms. Odle's Claim Is Time-Barred Under Title VII

Title VII claimants must first file a "charge" with the EEOC before filing a complaint in federal court.  42 U.S.C. § 2000e-5(e)(1), (f)(1).  Once the EEOC issues a right-to-sue notice, "aggrieved" individuals then must file a complaint within 90 days of receiving that notice.  *Id.* § 2000e-5(f)(1).  "Congress intended [this Title VII] filing period to operate as a statute of limitations" (*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)), and intentionally prescribed "short deadlines" for Title VII claims to "reflect[] Congress' strong preference for the prompt resolution of employment discrimination allegations through voluntary conciliation and cooperation."  *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 630–31(2007), *superseded on other grounds by statute*, Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, § 3, 123 Stat. 5, 5–6; *see also Mohasco Corp. v. Silver*, 447 U.S. 807, 825–26 (1980) ("By choosing what are obviously quite short deadlines, Congress clearly intended to encourage the prompt processing of all charges of employment discrimination. . . .  It is not our place simply to alter the balance struck by Congress in procedural statutes by favoring one side or the other in matters of statutory construction."); *Del. State Coll. v. Ricks*, 449 U.S. 250, 256–57 (1980) (Title VII's limitation provisions "protect employers from the burden of defending claims arising from employment decisions that are long past").

The 90-day statute of limitations in Title VII thus advances "'the basic policies of all limitations provisions: repose, elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities.'" *Gabelli*, 133 S. Ct. at 1221 (quoting *Rotella v. Wood*, 528 U.S. 549, 555 (2000)); *see also id.* ("Statutes of limitations are intended to 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'") (quoting *Order of R.R. Telegraphers v. Ry. Express Agency, Inc.*, 321 U.S. 342, 348–49 (1944)).

This Court recognizes that Title VII's limitation period is to be "strictly construed." *Baldwin v. Barre*, 299 F. App'x 444, 445 (5th Cir. 2008) (per curiam) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002)).

And rightly so, since the statutory language is unambiguous: "[W]ithin ninety days after the giving of [a right-to-sue] notice a civil action may be brought against the respondent named in the charge by the person claiming to be aggrieved." 42 U.S.C. § 2000e-5(f)(1)(A). But Ms. Odle does not even attempt to argue that this lawsuit was timely under the statutory period. She does not cite or discuss this provision anywhere in her appellate brief, an implicit acknowledgment that she cannot fit herself within it.

Ms. Odle manifestly did not comply with the statutory limitations provision. She received her right-to-sue notice on May 31, 2001, and "filed her suit in the Northern District of Texas on October 28, 2011." Br. 15. More than a decade passed between the notice and the suit; and the statute therefore does not authorize her to proceed. Unless Ms. Odle can avail herself of some judicial exception to the statute, the district court's dismissal order must be affirmed.

## II.    Ms. Odle's Claim Is Time-Barred Under Historical Practice

Ms. Odle's principal submission to this Court is that her lawsuit is timely under the "tolling" doctrine announced in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), and applied in *Crown Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), and *Taylor v. United Parcel Service, Inc.*, 554 F.3d 510 (5th Cir. 2008). She is wrong: The relief from timely filing obligations afforded by *American Pipe* and its progeny operates only while a claimant is a member of a putative class action, and ceases operation when that status ends. Thus, the tolling afforded by the *Dukes* case ended when Ms. Odle was ejected from the then-certified class, an adverse determination that became final upon the issuance of the Ninth Circuit's mandate on October 20, 2010. She had at most 90 days from then to file suit, but she failed to do so.

The Supreme Court long ago held that the "commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class

16

who would have been parties had the suit been permitted to continue as a class action." *American Pipe*, 414 U.S. at 554. The Court reasoned that a contrary rule would frustrate Rule 23's goals of "efficiency and economy" by inducing all potential class members to file motions to intervene or join an ongoing class action "in the event that a class was later found unsuitable." *Id.* at 553.

Whereas *American Pipe* established the starting point for the class-tolling doctrine, the Supreme Court made clear its end point in *Crown Cork*: the statute of limitations "remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." 462 U.S. at 354. The Supreme Court recently reaffirmed the duration of *American Pipe* tolling. *See Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2379 n.10 (2011) ("a putative member of an uncertified class may wait until after the court rules on the certification motion to file an individual claim or move to intervene in the suit").

This Court applied those principles in *Taylor* and *Salazar-Calderon v. Presidio Valley Farmers Association*, 863 F.2d 384, 390 (5th Cir. 1989) (per curiam) ("*Calderon II*"), specifically addressing the end point of *American Pipe* tolling. Asked to consider whether tolling continued through the appeal of a denial of class certification, this Court twice held that it does not: "[T]he denial of certification ends the tolling period [immediately] without regard to any appeal from that deci-

17

sion." *Taylor*, 554 F.3d at 519 (citing *Calderon II*, 863 F.2d at 390). The *Taylor* Court distinguished the case before it, in which it found that *American Pipe* tolling did continue through an appeal, on the grounds that no part of the relevant class was decertified: "Taylor remained a member of a certified class while [the prior class action] was on appeal, [and thus] he was entitled to assume that the class representatives continued to represent him and protect his interests." *Id.* at 521. Had Taylor not been a member of a certified class, as was the case in *Calderon II*, the Court explained, tolling would have stopped and he would have been required to "protect [his] rights by intervening or filing suit." *Id.* at 519.[2]

In contrast to *Taylor*, the Ninth Circuit sitting en banc in *Dukes* "eliminated" from the then-certified class the claims of all employees "who had left the company's employ by the date the complaint was filed." *Wal-Mart Stores*, *Inc. v. Dukes*, 131 S. Ct. 2541, 2560 (2011). It is undisputed that this group included Ms. Odle. Indeed, Ms. Odle acknowledges that she "*was not* a member of the class rejected

---

[2] "[T]he rule that tolling ends with a . . . denial of class certification [is] widely followed in other circuits." *Stone Container Corp. v. United States*, 229 F.3d 1345, 1355 (Fed. Cir. 2000) (collecting cases and noting the lack of any authority to the contrary); *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 383 n.11 (3d Cir. 2007) ("In cases where a plaintiff has joined a class or collective action complaint, and certification was denied, or a conditionally certified class was decertified, courts have held that an individual judicial complaint must be filed within ninety (90) days of the denial of certification or decertification.").

by the Supreme Court, . . . [although she] remained [a member of the class origi-
nally certified by the California District Court] until the Ninth Circuit Mandate is-
sued. . . ." Br. 16 (emphasis original). Thus, at that point, Ms. Odle's membership
in the *Dukes* class ended, and she was "required to file a new lawsuit in order to
protect her claims." Odle ER 32, R. 1169.

As this Court has plainly recognized, a Title VII suit must be "filed within
90 days of [a] denial," or reversal, of class certification in order to be timely. *Tay-
lor*, 554 F.3d at 519; *Calderon II*, 863 F.2d at 390. This rule applies with equal
force when, as here, a class is narrowed to exclude certain absent class members.
*See Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1380 (11th Cir. 1998) (en
banc) (once the court denies class certification with respect to a portion of a pro-
posed class, "excluded putative class members are put on notice that they must act
independently to protect their rights"); *In re Countrywide Fin. Corp. Mortg.-
Backed Sec. Litig.*, No. 2:11-ML-02265-MRP (MANx), 2012 WL 1097244, at *3
(C.D. Cal. Mar. 9, 2012) ("In many cases, a class is narrowed rather than com-
pletely decertified. In such an instance, it may be years before the trial court enters
a final judgment and appeal is possible. Continuing to toll the statute under such
circumstances raises the risk of stale claims, serial litigation, and forum shop-
ping.") (footnote and citation omitted).

Ms. Odle does not even acknowledge this settled rule, which the district court clearly explained (Odle ER 31, R. 1168), much less try to explain how her lawsuit, filed more than 90 days after she was excluded from the *Dukes* class, could possibly meet it. Instead, Ms. Odle tries to turn this Court's decision in *Taylor* on its head, arguing that the decision "flatly requires" a finding that tolling continued through the *Dukes* named plaintiffs' appeal to the Supreme Court, because the Ninth Circuit's decision en banc did not "constitute[] a 'final adverse determination' as to Odle's claims." Br. 26–27. *Taylor* says no such thing. Tolling continued through the appeal in *Taylor* because Mr. Taylor, unlike Ms. Odle, "remained a member of a certified class" through the appeal. *Taylor*, 554 F.3d at 521. Indeed, the appeal discussed in *Taylor* was an appeal on substantive claims; the class at issue was *never* decertified.

Tolling indeed continues for members of a *certified* class "until the judgment in the case becomes final or until 'a final adverse determination' is made." *Taylor*, 554 F.3d at 520. But tolling ends when an individual is no longer a "member of a certified class." *Id*. at 519-21 ("[D]enial of certification ends the tolling period without regard to any appeal from that decision."). Exclusion from a class of an individual, or a group of individuals, is an adverse determination under *Taylor*; and such an exclusion order becomes final according to ordinary practice, such as by issuance of the mandate. When the Ninth Circuit's mandate issued after the en

banc decision excluding Ms. Odle and other former employees from the *Dukes* class, that was a "final adverse determination." In arguing that *Taylor* supports her position, Ms. Odle overlooks the most critical fact in this case: she "*was not* a member of the class rejected by the Supreme Court." Br. 16 (emphasis original).

Ms. Odle also attempts to circumvent *Taylor*'s clear holding by arguing that tolling on her claims "should have continued because the Ninth Circuit en banc decision . . . remanded [Ms. Odle's class claims] for determination by the California District Court." Br. 23. As discussed below, this is a mischaracterization of the Ninth Circuit's decision—among other flaws, Ms. Odle, as a former, absent class member, had no "class claims" to be remanded in *Dukes*. In any event, in *Calderon II*—a case Ms. Odle does not even cite—this Court directly foreclosed this argument and made clear that a "trial court's reconsideration of the certification issue" on remand "could not . . . diminish the import of [an initial certification denial] for time preclusion issues." *Calderon II*, 863 F.2d at 390. *Calderon II*, which arose in factually analogous circumstances, bars plaintiffs' claims here.

The procedural history of *Calderon* is illuminating. The case first came to this Court in *Salazar-Calderon v. Presidio Valley Farmers Association*, 765 F.2d 1334 (5th Cir. 1985) ("*Calderon I*"). There, this Court affirmed a lower court's order denying class certification, but, just as Ms. Odle claims the Ninth Circuit did here, specifically "invited the district court to reconsider its decision denying class

action certification on remand." *Calderon II*, 863 F.2d at 389. On remand, the district court certified the class as suggested, but the defendant appealed, arguing that the class claims were now time-barred. *Id*. at 390. "[E]ven though [it had] invited the district court to reconsider," this Court agreed and held that the "two-year statute of limitations had run during the time between the original denial and the district court's reversal" of its class certification decision. *Id*. The initial denial of class certification ended tolling regardless of the invitation to reconsider certification on remand. *Id*.; *Taylor*, 554 F.3d at 519. "Because those claimants had failed to protect their rights by intervening or filing suit after the denial of certification, the two-year statute of limitations expired in the interim, and the district court's new certification order could not revive those time-barred claims. *Taylor*, 554 F.3d at 519.[3]

---

[3] Tolling may continue while certification is subject to reconsideration only where an individual (1) files a motion to intervene "as soon as she realize[s] the named class representatives would not protect unnamed class members' interests," and (2) seeks to intervene in order to "obtain appellate review of the district court's class certification denial, not her individual claim for a substantive Title VII violation." *Calderon II*, 863 F.2d at 390 (citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 392-94 (1977)). Because "[n]either consideration applies to" Ms. Odle, as she did not seek to challenge the Ninth Circuit's decision excluding her from the *Dukes* class, tolling for her claims ended when the Ninth Circuit's mandate issued. *Id*.

In short, *Calderon II* holds that decertification constitutes a "final adverse determination" (Odle ER 32, R. 1169) notwithstanding the possibility of reconsideration on remand. That is what happened here.

Because Ms. Odle plainly admits that she was a member of the certified *Dukes* class *only until* the Ninth Circuit en banc partially decertified the class to exclude former employees like her (Br. 16), *Calderon II* controls the instant case. *See Taylor*, 554 F.3d at 519. And *Calderon II* plainly required the dismissal of Ms. Odle's untimely claims. 863 F.2d at 390. Ms. Odle filed her complaint a year after the Ninth Circuit's mandate issued, and therefore the district court correctly held that her claims are now barred by the statute of limitations. Odle ER 32, R. 1169.

Ms. Odle's argument that the Ninth Circuit's decision was not a "final adverse determination" is unavailing. The Ninth Circuit panel originally held that Ms. Odle could not be a member of the certified *Dukes* class. *Dukes v. Wal-Mart Stores, Inc.*, 509 F.3d 1168, 1189 (9th Cir. 2007) (en banc). That "adverse determination" was not final, however, because the mandate was stayed pending resolution of the petitions for rehearing filed by Wal-Mart and the *Dukes* plaintiffs. Then, the en banc Ninth Circuit confirmed the ejection of Ms. Odle and other former employees. *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 624 (9th Cir. 2010). Neither Ms. Odle nor the *Dukes* plaintiffs filed a petition for a writ of certi-

23

orari with respect to this order, or moved to stay the mandate, and thus the order ejecting Ms. Odle became "final" when the Ninth Circuit's mandate issued. *See Taylor*, 554 F.3d at 520 ("if no appeal is taken, the judgment becomes final when the time for appeal ends"). Ms. Odle was no longer a putative member of any certified or pending class action, and tolling on her claims ceased. At that time, and no later, she had an obligation to protect her own rights within 90 days.

### III.    Ms. Odle's Claim Is Time-Barred Under Principles Of Equity

Equity only aids the vigilant. *See Upton v. Tribilcock*, 91 U.S. 45, 50 (1875) ("Equity will not assist a [claimant] whose condition is attributable only to that want of diligence which may be fairly expected from a reasonable person"). Once the Ninth Circuit excluded former employees from the certified *Dukes* class, Ms. Odle did not need to do the "impossible" (Br. 23); she was simply required to act diligently to protect her legal interests. *See Crown Cork*, 462 U.S. at 352 ("Limitations periods are intended . . . *to prevent plaintiffs from sleeping on their rights*") (emphasis added). Filing her own lawsuit was not "impossible"—in fact she eventually did so, but belatedly. Her inexcusable, and inexplicable, failure to act earlier precludes her from seeking any further tolling here.

In *American Pipe*, the Court clearly delimited the extent to which tolling is available to putative members of a class. *See* 414 U.S. at 555–56 (describing the doctrine as "necessary to insure effectuation of the purposes of litigative efficiency

and economy"). As discussed above, once the initial class fails (or is rejected), *American Pipe* tolling ends. *Crown Cork*, 462 U.S. at 354. Ms. Odle benefitted from this established equitable doctrine for nearly a decade while she was a member of the *Dukes* class; she is entitled to nothing more.

Indeed, any further extension of Ms. Odle's long-expired claim would be *inequitable*. *American Pipe* tolling was intentionally crafted as a careful balance between the competing policy goals of efficiency and repose. *American Pipe*, 414 U.S. at 555-56. Extending the doctrine beyond its intended scope disturbs the repose Wal-Mart finally should be afforded after more than a decade of litigation. *See Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 468 n.14 (1975) (courts must "assess the influence of the policy of repose inherent in a limitation period" before tolling a statute of limitations).

Once Ms. Odle was excluded from the then-certified class and 90 days passed, Wal-Mart was entitled to the repose that is afforded by all limitations periods, including Title VII's. *See Crown Cork*, 462 U.S. at 352 ("Limitations periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights."); *see also United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977) (an employer is "entitled to treat . . . past act[s] as lawful" once a putative plaintiff fails to act within the time period prescribed by Title VII). Equity would thus provide *Wal-Mart* an affirmative defense to any further assertion of

Ms. Odle's claims; the doctrine of laches specifically "bars a [Title VII] plaintiff from maintaining a suit if [s]he unreasonably delays in filing a suit." *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121 (2002). The Court need not even get that far, however, since Ms. Odle's claim is barred at the threshold.

Ms. Odle is a former named plaintiff in the *Dukes* action, represented by class counsel in that case, and therefore she was more than ordinarily aware of the *Dukes* litigation. Indeed, she was on actual notice of the consequences of her ejection from the class by the Ninth Circuit panel, because the *Dukes* plaintiffs petitioned for rehearing of that particular aspect of the decision and cited her situation specifically. And once the en banc Ninth Circuit confirmed the ejection of former employees from the class and the *Dukes* plaintiffs did not seek review of *that* decision, Ms. Odle was fairly on notice, and even admittedly aware, that her claims were not proceeding before the Supreme Court. *See* Br. 16; *see also Armstrong*, 138 F.3d at 1380. At that point, as the district court explained, she "had no reason to assume that [her] rights were being protected" by the *Dukes* plaintiffs. Odle ER 31, R. 1168 (citing *Taylor*, 554 F.2d at 520).

Ms. Odle argues that because the Ninth Circuit allowed the possibility of further proceedings in the California district court, she was not required to protect her own rights. Br. 23. But the possibility of further proceedings is not the applicable standard. *Calderon II*, 863 F.2d at 390; *Taylor*, 554 F.3d at 519. The named

plaintiffs in *Dukes* have recognized as much—acknowledging that tolling for remaining class members ended when the class was decertified by the Supreme Court, even though additional proceedings were possible in *Dukes* and, indeed, are now ongoing in that case.  App. C, Pls.' Mot. to Extend Tolling of the Statute of Limitations, *Dukes v. Wal-Mart Stores, Inc.*, No. C 01-2252-CRB (N.D. Cal. June 24, 2011), Dkt. 740 at 8.

Indeed, while the Ninth Circuit did not *foreclose* a Rule 23(b)(3) class of former employees, Ms. Odle also knew that *she* could not represent such a class as a named plaintiff in California.  *Dukes v. Wal-Mart Stores, Inc.*, No. C 01-2252 MJJ, 2001 U.S. Dist. LEXIS 26411, at *32–33 (N.D. Cal. Dec. 3, 2001).  To the extent Ms. Odle means to suggest that she could simply sit back and hope for some *other* individual to step forward to assert claims on her behalf in California,  that is wrong, because there was no assurance that the California plaintiffs would include Ms. Odle in any subsequent attempts at class certification—as, in fact, they did not. If Ms. Odle had wanted to assure that her claims would be pursued after the Ninth Circuit's mandate, she needed to become a named plaintiff somewhere—by filing a new action or intervening, as *Crown Cork* provides (462 U.S. at 354)—and she knew that "somewhere" could not be California.

Ms. Odle also suggests that she could not have taken action because the Supreme Court might have affirmed the previous certification order.  Br. 3.  But that

would have done her no good—she had already been excluded from the class, and a Supreme Court affirmance would not have resuscitated her claims. Indeed, *nothing* about the Supreme Court arguments or the subsequent decision could have affected Ms. Odle's rights as her claims were not before the Court at all. As the district court recognized, and even Ms. Odle concedes, she "*was not* a member of the class rejected by the Supreme Court," and thus could not have been a member of the class even if it had been *affirmed* by the Court. *Id.* at 16; Odle ER 31, R. 1168 ("The Supreme Court's opinion clarified that the class before it did not include Odle or any other former employees."). Thus she did not have reason (or the luxury) to wait for the Supreme Court's decision before acting to protect her rights. She had to bring her claims, or forfeit them. She chose the latter.

Ms. Odle attempts to evade this reality by erroneously asserting that even after the Ninth Circuit issued its mandate, she had a "request for certification" pending that would be considered after the Supreme Court decision. Br. 3. This is false. When the *Dukes* plaintiffs originally sought certification in 2003, they chose to do so under Rule 23(b)(2), requesting certification under Rule 23(b)(3) only in the alternative. Odle ER 82 ("Plaintiffs request that this Court . . . certify this case as a class action under Fed. R. Civ. Pro. 23(b)(2)."), 83 ("*In the alternative*, Plaintiffs' claims are also suitable for certification under Rule 23(b)(3).") (emphasis added); *see also* Br. 6 n.4. The district court chose to certify a nationwide class in

2004 under Rule 23(b)(2), thereby mooting plaintiffs' alternative 23(b)(3) request. *See Dukes v. Wal-Mart Stores, Inc.*, 222 F.R.D. 137, 188 (N.D. Cal. 2004). While the Ninth Circuit opinion did suggest that the district court "may, if appropriate, certify an *additional* class or classes under Rule 23(b)(3)," *Dukes*, 603 F.3d at 624 (emphasis added), this simply reflects the inherent discretion that *always* exists under Rule 23(c)(1)(C) to revisit issues of class certification. It did not and could not revive the plaintiffs' previously mooted request for certification of a Rule 23(b)(3) class. Accordingly, Ms. Odle was not a "putative . . . member" of any proposed class. Br. 17.

Despite Ms. Odle's claim that she could only "guess" as to the proper course of action after the Ninth Circuit's ruling (Br. 30), she could and should have done precisely what she waited until late 2011 to do—immediately file a timely lawsuit in Texas to protect her rights. The lower court here recognized this patently available option in its opinion dismissing Ms. Odle's untimely claims. *See* Odle ER 31–32, R. 1168-69.

Indeed, Ms. Odle's argument that she "lack[ed] a forum" to pursue her individual claims when the Ninth Circuit issued its mandate (Br. 29–30) is belied by the fact that the California district court had already advised that her claims were properly venued in Texas. *Dukes*, 2001 U.S. Dist. LEXIS 26411, at *4. That option (unlike the California suit) would have comported with the specialized juris-

diction and venue provisions of Title VII.  And, of course, that is the forum in which she eventually, albeit belatedly, initiated suit.

Ms. Odle argues that if she had filed a timely lawsuit in Texas in 2010, she would have violated the spirit of *American Pipe* by needlessly multiplying litigation.  Br. 1.  But Ms. Odle's claims were no longer part of the California suit, and timely pursuit of those claims is entirely in line with—and in fact required by—the *American Pipe* framework, which tolls individual claims for precisely that purpose.  *See Crown Cork*, 462 U.S. at 354 ("Once . . . class certification is denied . . . class members may choose to file their own suits."); *see also Smith*, 131 S. Ct. at 2379 n.10.  Far from being duplicative, a new lawsuit was required.[4]

Ms. Odle seeks to explain away her inaction by asserting that the California court lost jurisdiction during the Supreme Court appeal.  She states that "the California District Court was unable to act on [the] direction from the Ninth Circuit, because the Supreme Court granted certiorari, and thus the California District

---

[4] In addition, there were other procedures potentially available to Ms. Odle, either individually or working with one of the *Dukes* named plaintiffs also ejected from the class (Ms. Gunter and Ms. Surgeson), including: (1) cross-petitioning the Supreme Court for review of the ejection of former employees from the certified class; (2) requesting that the Ninth Circuit stay issuance of its mandate pending Supreme Court review; or (3) timely asking the district court for a 23(b)(3) class comprised of former employees.  Ms. Odle chose not to avail herself of these options either.

Court had no jurisdiction." Br. 15. Indeed, Ms. Odle makes this erroneous asser-

tion six times. *See id.* at 1, 15, 23, 29, 32. Of course, the relevant issue is not the

authority of the California district court, but *Ms. Odle's* actions (or lack thereof)—

whether at the California district court, the Ninth Circuit, the Supreme Court, or in

her proper venue, Texas.

And in any case, Ms. Odle's suggestion that the interlocutory appeal divest-

ed the California district court of jurisdiction is contrary to Rule 23 itself, which

provides: "An appeal [of certification] does not stay proceedings in the district

court." Fed. R. Civ. P. 23(f). Thus, nothing prevented the California district court

from considering a request, made by a properly venued plaintiff, to proceed with

respect to former employees' claims under Rule 23(b)(3) while the Supreme Court

considered the then-certified Rule 23(b)(2) class. Indeed, although the California

court granted Wal-Mart's motion to stay proceedings during the interlocutory ap-

peal, the *Dukes* plaintiffs successfully moved for an order modifying that stay to

allow them to depose a former Wal-Mart executive (*see* App. D, Pls. Motion Mod-

ify Stay of Discovery, *Dukes v. Wal-Mart Stores, Inc.*, No. C 01-2252-MJJ (N.D.

Cal. Nov. 29, 2006), Dkt. 670), thus demonstrating that the district court retained

jurisdiction during the appeal.

Ms. Odle also asserts that if she had filed a timely lawsuit in Texas in 2010,

she would have "forfeit[ed] or seriously jeopardize[d] her class action claims." Br.

31–32.  The only forfeiture that matters here is Ms. Odle's failure to act within 90 days after the Ninth Circuit's mandate.  Without a timely individual action, she has neither individual nor "class claims" to pursue.  *Cf. Am. Express Co. v. Italian Colors Rest.*, No. 12-133, slip op. at 5 (U.S. June 20, 2013) ("Nor does congressional approval of Rule 23 establish an entitlement to class proceedings for the vindication of statutory rights.").  Tellingly, Ms. Odle can cite no authority for the proposition that by filing a new lawsuit after decertification of her class—an action explicitly contemplated by *Crown Cork*, 462 U.S. at 354—Ms. Odle could have "jeopardized" her claims or those of any absent person.

And finally, as the court below held, any newly proposed class of former employees could not have succeeded in any case because *Calderon I* and its progeny holds that *American Pipe* tolling cannot apply to the second assertion of the same class claims after the first has failed.  *See* Odle ER 18–30, R. 1155-67; *supra* pp. 7-8.  Thus, Ms. Odle would have lost nothing, and gained all that was potentially available to her, by acting to preserve her rights in a timely fashion.

\*      \*      \*

The reality is that, after the Ninth Circuit's mandate issued, Ms. Odle was not a member of a certified class.  The named plaintiffs in *Dukes* left her behind, staking their hopes on their limited 23(b)(2) class in the Supreme Court.  Rather than protecting her own rights once the statute of limitations clock started ticking

again, Ms. Odle sat inactive until after the Supreme Court rejected even that nar-rowed class.  She was well aware of the appropriate course of action; she did in fact file this lawsuit in Texas.  But she was at least 280 days too late.  Her claims are barred by Title VII's statute of limitations and no recognized exception can resurrect them.  The resulting dismissal is entirely equitable, to both Ms. Odle and Wal-Mart.  "[I]f a man [or woman] neglects to enforce his [or her] rights, [s]he cannot complain if, after a while, the law follows h[er] example."  Oliver Wendell Holmes, *The Path of the Law*, 10 Harv. L. Rev. 457, 476 (1897).

## CONCLUSION

The judgment of dismissal with prejudice should be affirmed

DATED:     July 3, 2013                    Respectfully submitted,

                              */s/ Theodore J. Boutrous, Jr.*

Theodore J. Boutrous, Jr.              Karl G. Nelson
*Counsel of Record*                   GIBSON, DUNN & CRUTCHER LLP
Catherine A. Conway                   2100 McKinney Avenue, Suite 1100
GIBSON, DUNN & CRUTCHER LLP           Dallas, Texas 75201-6912
333 South Grand Avenue                Telephone:  (214) 698-3100
Los Angeles, California 90071-3197    Facsimile:  (214) 571-2934
Telephone:  (213) 229-7000
Facsimile:  (213) 229-7520

Mark A. Perry
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539

COUNSEL FOR DEFENDANT-APPELLEE

## CERTIFICATE OF COMPLIANCE

Pursuant to 5th Cir. R. 32.3, the undersigned counsel certifies that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 7,981 words, excluding parts of the brief exempted by Fed. R. App. 32(a)(7)(B)(iii). This brief complies with the typeface requirements of Fed. R. App. P. 32 (a)(5) and 5th Cir. R. 32.1 and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman, 14-point.

      */s/ Theodore J. Boutrous, Jr.*

Theodore J. Boutrous, Jr.
*Counsel of Record for Appellee*

1

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2013, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Hal K. Gillespie
*Counsel of Record*
Hkg@grwlawfirm.com
grw@grwlawfirm.com
jadiego@grlawfirm.com
Gillespie, Rozen & Watsky, P.C.
3402 Oak Grove Ave.  Suite 200
Dallas, Texas 75204


In addition, I certify that the following were served via first-class mail.

Yolla Rozen
Joseph H. Gillespie
GILLESPIE, ROZEN & WATSKY, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, TX 75204

Stephen Tinkler
TINKLER LAW FIRM
309 Johnson Street
Santa Fe, NM 87501

Merit Bennett
BENNETT LAW FIRM
460 St. Michael's Drive, Suite 703
Santa Fe, NM 87505

Jocelyn D. Larkin
THE IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA 94710

Joseph M. Sellers
Christine E. Webber
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Suite 500 West
Washington, DC 20005

  */s/ Theodore J. Boutrous, Jr.*
Theodore J. Boutrous, Jr.
*Counsel of Record for Appellee*